IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE ESTATES AT MCDONOUGH, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:14-CV-02510-WSD |
| : | |
| ERIC NELSON, : | |
|     Defendant pro se. : | |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Eric Nelson, is facing a dispossessory proceeding in the Magistrate Court of Henry County, Georgia. (See Notice of Removal [1-1].) Defendant seeks to remove that case to this Court and has submitted an Application to Proceed in forma pauperis [1] showing an inability to pay the removal fee at this time. Accordingly, the Court **GRANTS** the request to proceed in forma pauperis. However, the Court is compelled to remand any action which has been improperly removed; therefore, the undersigned examines this case to determine if removal is proper. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003) (explaining that federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking).

Attached to the Notice of Removal is a "Dispossessory Affidavit" [1-1] filed in the Magistrate Court of Henry County. In the Notice of Removal, Mr. Nelson

indicates that he is a resident of McDonough, Georgia, and alleges that the state court proceeding violates the United States Constitution and various federal laws. (See generally Notice of Removal.)

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question. 28 U.S.C. § 1441(a)-(b). However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." Id. § 1441(b). Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may

2

be used to establish federal question jurisdiction. Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Because Mr. Nelson is a Georgia domiciliary, the Court does not have diversity jurisdiction over this Henry County action. Likewise, the "Dispossessory Affidavit" indicates no federal question. Plaintiff, The Estates at McDonough, cannot be subjected to federal jurisdiction after having filed for dispossession solely on state law grounds in state court. Accordingly, because defendant has failed to demonstrate any lawful basis for removal of the action, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Henry County pursuant to 28 U.S.C. § 1446(c)(4).

## IV.  CONCLUSION

For the reasons set forth above, the undersigned **GRANTS** the Application to Proceed in District Court without Prepaying Fees or Costs [1] for the limited purpose of remand, and **RECOMMENDS** this case be **REMANDED** to the Magistrate Court of Henry County, Georgia.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

3

**SO ORDERED AND RECOMMENDED**, this 11th day of August, 2014.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE