# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

THE ESTATES AT
MCDONOUGH,

          Plaintiff,

v.

ERIC NELSON,

          Defendant.

1:14-cv-2510-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [4] ("R&R"), which recommends remanding this dispossessory action to the Magistrate Court of Henry County, Georgia.

## I.    BACKGROUND

On July 14, 2014, The Estates at McDonough ("Plaintiff") filed, in the Magistrate Court of Henry County, Georgia, a dispossessory proceeding against its tenant, Eric Nelson ("Defendant").[1] The Complaint seeks possession of premises currently occupied by Defendant and past due rent and other fees totaling $1,598.00.

---

[1]     No. 2014-338800

On August 4, 2014, Defendant, proceeding *pro se*, removed the Henry County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. Specifically, he states in his Notice of Removal that this action against him "arises under a treaty of the United States, commonly referred to as the United Nations Convention on Contracts for the International Sale of Goods." (Notice of Removal at 1).

On August 11, 2014, Magistrate Judge Johnson granted Defendant's application to proceed IFP and considered *sua sponte* whether this Court has subject matter jurisdiction over this action. He found that Plaintiff's underlying pleading is entirely based on state law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Johnson concluded that the Court does not have federal question jurisdiction over this matter.[2]

There are no objections to the R&R.

---

[2] Judge Johnson further noted that the Court does not have diversity jurisdiction over this matter because Defendant appears to be a citizen of Georgia.

**II. DISCUSSION**

    A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint, and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Here, Plaintiff's Complaint is a

dispossessory proceeding against Defendant based only on state law. There is no federal question present in the Complaint.

Although diversity jurisdiction is not alleged, in view of Defendant's *pro se* status, the Magistrate Judge and this Court evaluate whether there exists subject matter jurisdiction based on diversity of citizenship. Section 1332(a)(1) of Title 28 of the United States Code provides that diversity jurisdiction exists over civil actions between "citizens of different states." Neither the dispossessory nor the removal pleadings show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000. See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The Court thus finds no plain error in the Magistrate Judge's finding that diversity jurisdiction does not exist over this action.

The Court lacks subject matter jurisdiction over this action and it is required to be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Henry County, Georgia.

**SO ORDERED** this 25th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE